IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CELESTINE TAYLOR**,** for herself, as representative of her deceased daughter, Decedent Sherry Burnes, and as next friend and guardian of her minor granddaughter, LaDasia Thomas, and CARLOS TAYLOR, <br><br>  Plaintiffs, <br><br> vs. <br><br> HERCULES TIRE & RUBBER CO., and COOPER TIRE & RUBBER CO., <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 06-cv-1028-MJR |

MEMORANDUM and ORDER

REAGAN, District Judge:

On the evening of July 3, 2005, Celestine Taylor was driving a Ford Mustang on Interstate 55 in Madison County, Illinois. Celestine's daughter, Sherry Burnes, was a passenger in the front seat. Celestine's granddaughter, LaDasia Thomas, was a passenger in the rear seat. Around 7:25 pm, the passenger-side rear tire suddenly lost its tread. Celestine lost control of the Mustang, which skidded into the median and overturned. Sherry died, and Celestine and LaDasia were severely injured, in the course of the accident.

In December 2006, Celestine filed suit in this United States District Court. She sues in three capacities: (1) for herself, (2) as representative of her deceased daughter, and (3) as guardian of her granddaughter LaDasia. She names two Defendants – Hercules Tire and Rubber Company and Cooper Tire and Rubber Company. Celestine brings claims for strict liability (based on both product defect and failure to warn), breach of implied warranty (warranties of fitness and merchantability) and negligence (in design, manufacture and warnings), all based on Illinois law.

Her husband, Carlos, advances a claim for loss of consortium.

This Court exercises subject matter jurisdiction via the federal diversity statute, **28 U.S.C. § 1332**, and trial is scheduled for September 22, 2008.  Now before the Court is Defendants' fully-briefed dismissal motion (Doc. 20), which rests on Federal Rule of Civil Procedure 12(b)(6).  Stated simply, Defendants contend that Count II of the complaint fails to state a claim against either Defendant (Hercules or Cooper).  Count II alleges breach of the implied warranties of fitness and merchantability.

When reviewing a complaint in the context of a dismissal motion filed under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court accepts as true all well-pled factual allegations and resolves in the plaintiff's favor all reasonable inferences.  ***County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 817 (7th Cir. 2006).  *Accord Echevarria v. Chicago Title & Trust Co.*, 256 F.3d 623, 625 (7th Cir. 2001); *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001).**

Dismissal for failure to state a claim is proper only if the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  ***Alper v. Altheimer & Gray*, 257 F.3d 680, 684 (7th Cir. 2001).**  If it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate.  ***Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005).**

Here, Count II alleges that Defendants manufactured, marketed and placed into the stream of commerce the tires on the Ford Mustang driven by Celestine Taylor on the date in question.  Count II further alleges that, in placing the tires in the channels of commerce, Defendants impliedly warranted that the tires were of merchantable quality, safe and fit for highway driving at

speeds of 65 miles per hour or more, while in reality the tires were *not* safe for this use and, in fact, were in a dangerous *un*merchantable condition.

The Illinois Uniform Commercial Code provides that a merchant-seller of goods impliedly warrants that the goods are "fit for the ordinary purposes" for which they are used. **810 ILCS 5/2-314**.  The Illinois UCC further provides:  "The buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy."  **810 ILCS 5/2-607(3)(a).**

As a general rule, under Illinois law, this provision requires a plaintiff to notify the defendant/seller of the claimed deficiency in the product *prior* to filing suit.  ***Connick v. Suzuki Motor Coach, Ltd.*, 675 N.E.2d 584, 590 (Ill. 1996).**  However, there are exceptions to the notice requirement, such as if the seller is deemed to have been reasonably notified by the filing of the buyer's complaint.  ***Connick*, 675 N.E.2d at 589.**

In the case at bar, given the procedural posture of the litigation, the issue is not whether Plaintiffs *actually* provided notice to Defendants, whether Plaintiffs have demonstrated such notice, or whether filing suit within 18 months of the accident constitutes acceptable notice under Illinois law.  To survive a Rule 12(b)(6) dismissal motion, a plaintiff need not establish or show anything.  "At this stage of the litigation, we are concerned not with what plaintiff did or did not show, but rather with what plaintiff did or did not allege."  ***Brown*, 398 F.3d at 914.**   Put another way, at this "early stage of the proceedings, we take plaintiff's factual allegations as true, draw all reasonable inferences in his favor, and will hypothesize any set of facts consistent with those allegations to avoid dismissal."  ***Brown*, 398 F.3d at 912, *citing DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000),** and ***Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001).**

It *is* possible to hypothesize facts consistent with the complaint which would entitle Plaintiffs to relief on Count II, so the Court must **DENY** Defendants' 12(b)(6) motion (Doc. 20). However, amendment of Plaintiffs' complaint would be helpful. For one thing, designating counts with Roman numerals (II, VI, IX, etc.) tends to prove confusing over the course of litigation. Arabic numbers (1, 2, 3, *et seq.*) are prone to considerably less error and confusion. Moreover, in the case *sub judice*, some of Plaintiffs' counts group more than one claim against more than one Defendant. Although it is not necessary given liberal pleading standards in federal court, separating each claim against each defendant into a separate count will help maintain clarity in future Orders and Judgments.

Accordingly, although Plaintiffs' complaint suffices for Rule 12(b)(6) purposes and the undersigned Judge has denied Defendants' dismissal motion, the Court **DIRECTS** Plaintiffs to file a **First Amended Complaint** which separates out each claim against each Defendant in separate counts, each count to be numbered 1, 2, 3, *et seq.*, and followed by a short descriptive phrase (*e.g.*, Count 2 – Strict Product Liability Against Hercules). Plaintiffs' amended complaint should be filed on or before **July 3, 2007**.

IT IS SO ORDERED.

DATED this 12th day of June 2007.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge