IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CELESTINE TAYLOR, for herself and as representative of her deceased daughter, the Decedent Sherry Burnes, and as next friend and guardian of her granddaughter, the Minor LaDasia Thomas, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HERCULES TIRE & RUBBER COMPANY, et al., <br><br> Defendants. | Case No. 3:06-cv-1028-MJR |

**ORDER**

This matter is before the Court on the Agreed Motion for Protective Order (Doc. 39), filed by Defendants on September 19, 2007. Defendants requests that this Court enter a protective order because they have "certain proprietary and confidential documents to produce to plaintiffs." (Doc. 39). Defendants state that Plaintiffs have stipulated and agreed to the terms of the proposed protective order, which was submitted to the Court. In this proposed protective order, the parties define "Confidential Material" as referring "to records and/or things of Defendants Cooper Tire & Rubber Company, hereinafter referred to as 'Cooper,' and/or The Hercules Tire & Rubber Company, hereinafter referred to as 'Hercules,' protected as trade secrets or confidential information pursuant to state and federal law." The proposed order further states that "Cooper and/or Hercules may designate all or any portion of records and/or things they respectively produce formally or informally to other parties to this litigation as confidential material."

The proposed protective order and motion does not comport with Federal Rule of Civil Procedure 26(c), which provides that protective orders may be entered by the Court "for good cause shown." The Seventh Circuit Court of Appeals has repeatedly held that the District Court

may not merely "rubber stamp" an agreed protective order because the parties seek such an order. See generally Citizens First National Bank of Princeton v. Cincinnati Insurance Company, 178 F.3d 943 (7th Cir. 1999). In Citizens, the Seventh Circuit explained that the public at large, who pay for the courts, have an interest in what goes on at all stages of a judicial proceeding. Id. at 945. This interest will go unprotected if the Court were to delegate to parties cart blanche to decide what information should be kept secret, as the Court is the primary representative of the public interest in the judicial process. Id. In Citizens, the Court also found that a protective order seeking to protect from public disclosure documents "believed to contain trade secrets" was overbroad "both because 'believed' is a fudge and because a document that contains trade secrets may also contain material that is not a trade secret," and redaction may protect the trade secret from disclosure. Id.

Here, the proposed protective order does not properly demarcate categories of legitimately confidential information that the Court can be confident the parties clearly know what falls under the Court's order in order to make a preliminary designation themselves. Defendants define confidential information as records "protected as trade secrets or confidential information pursuant to state and federal law" and, further, leave to Defendants the discretion to designate "all or any portion of records and/or things they respectively produce . . . as confidential material." Paragraph twelve even states that if a party designates a deposition transcript as containing confidential material, "the deposition transcript shall be treated in its entirety as confidential material."

First, it is not clear to the Court whether the clause "pursuant to state and federal law" is meant to apply to trade secrets as well as "confidential information". If it were, it may be enough to satisfy the Court that the parties know what a trade secret is pursuant to Citizens.

2

Certainly though, the designation of other "confidential information pursuant to state and federal law" is too broad under Citizens and is fatal to this motion for a protective order as the Court cannot be sure that the parties and the Court understand exactly what falls under such a protective order.

Second, allowing the parties to designate all or any portion of records and/or things they produce as confidential material also runs afoul of Citizens both because (1) to do so allows the parties to seal anything they *believe* to be confidential under unspecified jurisdictions of state and federal law and (2) because sealing an entire record is overbroad as redaction is the appropriate method of ensuring confidentiality of legitimately protected information.

The Court also takes issue with paragraph fourteen and the first sentence of paragraph fifteen of the proposed protective order since, as drafted, these propositions could potentially mean that the order would bind non-parties to this litigation to the terms of the protective order without their prior consent.

For the foregoing reasons, the motion is **DENIED WITHOUT PREJUDICE**. The parties are, of course, free to make contracts that do not involve the Court. Should the parties choose to file a subsequent motion for protective order, the guidance set forth in Citizens must be followed in order for it to be granted.

**DATED: December 12, 2007**

                                         s/ *Donald G. Wilkerson*
                                         **DONALD G. WILKERSON**
                                         **United States Magistrate Judge**